## FREDENDALL vs. TAYLOR and others, impleaded, etc.

(1, 2.) CONTRACT *in behalf of unincorporated association; personal liability of the agents.* (3.) *Reversal of judgment.*

1. Where A., acting for an unincorporated association, contracts with one who enters into the contract on the credit of A., the latter is bound.
2. If A. contracted on the credit of himself and others constituting with him the officers of such association, and they had authorized or subsequently ratified his acts, they are all liable, although they contracted *as such officers,* and although they were ignorant, at the time, that they were incurring any personal liability.
3. The questions whether the credit was given to defendants, and whether they had authorized or ratified the contract, were for the jury; and the judgment will not be reversed merely on the ground that the weight of evidence was against the verdict.

APPEAL from the Circuit Court for *Rock* County.

Action by *Fredendall* against *Taylor, Kreiss, Leitch* and *Spencer,* to recover pay for making a well or tank for the use of the State Firemen's Association. The com-

plaint alleged that plaintiff agreed with defendants to make the well or tank for $500, to be paid by them; that he did make it, and defendants accepted it, and promised to pay him therefor. *Spencer* made no defense. The other defendants answered by a general denial. The State Firemen's Association was an unincorporated body, of which *Leitch* was president, *Taylor* vice-president, *Kreiss* treasurer, and *Spencer* secretary; and the association appointed these officers a committee to make all necessary arrangements for an annual tournament. *Spencer* testified, in substance, that the committee left it with *Leitch* and himself to make the arrangements; that they two determined that such a well was necessary; that *Spencer* advertised for proposals; that the plaintiff's proposal to build the well for $500 was accepted; and that the well was built and used by the association at the tournament. The rest of the evidence need not be given. Its general effect, as understood by the court, is stated sufficiently in the opinion.

The defendants asked the following instructions, which were all refused:

" 1. If the contract was made in writing with *Spencer*, as secretary of the association, it does not bind the other defendants, unless there was an express promise in writing by them. 2. If *Spencer* acted without any authority from the other defendants, he, individually, only is bound, unless there is an express promise in writing on their part. 3. A. may have authority to act for B., but if he acts in C.'s name, B. is not liable unless he binds himself to perform for C. 4. *Spencer* could not bind the other defendants, unless he was constituted their agent by them, and as such agent had express authority to do so, and if the other defendants did not give him any authority to make any contract for the well, the jury must find for them. 5. If *Spencer* was not constituted by the other officers of the association one of the sub-committee, and acted on his

own responsibility, he did not bind the other defendants by any contract he made, unless there was an express promise on the part of the other defendants to assume. 6. The jury, before they can find against the defendants *Leitch*, *Kreiss* and *Taylor*, must find from the evidence that they appointed *Spencer* one of the sub-committee, to act as their agent, or that there was an express and individual promise on their part to assume the contract."

The court instructed the jury that *Spencer*, by making the contract, had rendered himself personally liable thereupon; but that as to the other defendants, before they could be held *originally* liable upon the contract, the jury must be satisfied, 1. That the defendants were appointed by the association a committee to make the necessary arrangements for the tournament. 2. That *Leitch* and *Spencer* were appointed by that committee a sub-committee to make such arrangements. 3. That the contract made by *Spencer* with the plaintiff was made under such appointment, with the advice, consent or approval of *Leitch*. 4. That the reservoir or well was necessary for the purposes of the tournament. The jury were further instructed that if the evidence failed to establish the truth of either of these propositions, they must inquire whether *Leitch*, *Kreiss* and *Taylor*, or any of them, had so acted since the contract as to ratify. As to what would constitute such a ratification, the charge was as follows: "If the plaintiff entered into this contract and performed this work, believing that *Spencer* was acting in that behalf for a committee of the State Firemen's Association, consisting of all the defendants, and if the plaintiff relied for payment upon the personal responsibility of the defendants, whom he believed constituted such committee, then if either *Leitch*, *Kreiss* or *Taylor*, with full knowledge that *Spencer* had assumed to act for such committee, that the plaintiff contracted upon the faith of the personal responsibility of the alleged members thereof,

and that the work had not been paid for, assured the plaintiff that he should be paid for his work, made no objection to the manner in which the contract had been made, and participated in using the reservoir—such acts, with knowledge of the facts aforesaid, are a ratification of the contract, and render the defendants thus ratifying it liable thereupon; and this although no such committee or sub-committee were in fact appointed, and although the contract was made without the advice, consent or approval of the defendants so ratifying it, and, further, although the reservoir was unnecessary for the purpose of the tournament."

Verdict against all the defendants; new trial denied; and judgment upon the verdict; from which the defendants who had answered, appealed.

*Gerrit T. Thorn,* for appellants, contended that if the well was built without their knowledge and authority, the debt was *Spencer's,* and they could not be holden upon any promise to answer therefor, unless it was made in writing. *McDonald v. Dodge,* 10 Wis. 106; *Wilson v. Tumman,* 6 M. & G. 235. He also contended that there was no evidence to sustain the instructions as to ratification, or the verdict.

*Isaac Rogers,* for respondent, cited *Beekman Fire Ins. Co. v. First M. E. Church,* 29 Barb. 658; *McCartee v. Chambers,* 6 Wend. 649; *Wells v. Gates,* 18 Barb. 554; *Shiras v. Morris,* 8 Cow. 60; *Lawrence v. Taylor,* 5 Hill, 107; *Moss v. Rossie Lead Mining Co.,* id. 137; Story on Agency, § 250; *Bell v. Shibley,* 33 Barb. 610; *Ferguson v. Hamilton,* 35 id. 427; *Fargo v. Ladd,* 6 Wis. 106; *Farmers' L. & T. Co. v. Walworth,* 1 N. Y. 433; *Cobb v. Dows,* id. 335; *Sage v. Sherman,* 2 id. 417; *Cairnes v. Bleecker,* 12 Johns. 300; *Vianna v. Barclay,* 3 Cow. 281; *Johnson v. Jones,* 4 Barb. 369; *Armstrong v. Gilchrist,* 2 Johns. Cas. 424.

DIXON, C. J.  We have examined the facts of this case very carefully, and it clearly seems to us that it is

in no respect different from what it was when it was before this court on the former appeal (23 Wis. 538) There was certainly sufficient evidence in favor of the plaintiff to go to the jury upon all the questions in issue. The evidence was sufficient to authorize a verdict that the plaintiff contracted upon the credit of the officers, and not of the association which they professed to represent. It was sufficient to authorize a finding that *Spencer* had original authority from the other defendants to make the contract. It was also sufficient to authorize the jury to find that the defendants *Taylor* and *Kreiss* subsequently ratified the contract, provided *Spencer* had no original authority from them. There was testimony enough upon all these points to sustain the verdict. Counsel for the defendant does not deny this, but still argues. as if we were to examine and weigh the testimony. That we cannot do. The verdict thus supported must stand, unless there was some error in the instructions of the court.

We think there was no error. The instructions given were full, fair and correct. It is impossible that the law of the case, and the whole law, could have been more clearly and concisely given to any jury. It is for this reason unnecessary for us to dwell upon it. And the instructions asked by the defendants were properly refused. There is no question of the statute of frauds, or of one person binding himself to pay the debt of another, in the case. It is simply a question of agency and ratification. And the mistake of the defendants' counsel throughout seems to have been in supposing that the defendants must have *known* or believed, at the time the several acts were done, that they were incurring a personal liability or indebtedness. Now the truth may have been, and very likely was, that they did not know or believe this. But that does not affect the question. Their liability springs from the fact that there was no responsible body or corporation behind them, which they could bind, and against which the

plaintiff could have had his remedy. When, therefore, *Spencer* was acting in the name of the association by the direction of these defendants, he was, for all purposes of this action, acting in their names, and binding them personally by his contract; and when they ratified his acts or contract, although in form as officers of the association, it was, in legal effect and operation, as individuals and not as officers. Upon such ratification, it became their personal contract or obligation, the same as if they had originally entered into it. As the defendants had no principal—no legal association or body which they could represent, act for, or bind—they must be held, in all the transactions, to have represented, acted for and bound only themselves, in the same manner and to the same extent as if there had been no assumed authority to act for the State Firemen's Association.

These observations, we believe, sufficiently dispose of all the objections taken by counsel for the defendants, and show that the judgment should be affirmed.

*By the Court.*—Judgment affirmed.