LEWIS v. TILTON ET AL.

1. **Unincorporated Organization**: PERSONS CONTRACTING FOR PER-
   SONALLY LIABLE. An unincorporated organization cannot be a party
   to a contract, nor to an action at law; and persons contracting in the
   name of such an organization are themselves personally liable, either as
   being themselves in fact principals, or as holding themselves out as
   agents for a principal which has in law no existence. And *held* further,
   *arguendo*, that all members of such a body, who assent to an undertak-
   ing whereby a debt is incurred, or who subsequently ratify it, are liable
   for the payment of the debt. See authorities cited in opinion.

*Appeal from Wapello Circuit Court.*

SATURDAY, JUNE 14.

THE petition, as amended, states that the defendants and
others formed a benevolent society for the prevention and sup-
pression of intemperance, known and designated as the Ot-
tumwa Temperance Reform Club, and that they were chosen
to represent such society as its executive committee; that in
March, 1878, the defendants entered into a written contract
of lease with plaintiff, by the terms of which said Ottumwa
Temperance Reform Club was to and did occupy the prem-
ises described in said lease, at the yearly rental of fifteen hun-
dred dollars; (a copy of said lease is attached to the petition;)
that by virtue of said lease the defendants, and the society of
which they were members, occupied said premises from March
1, 1878, to July 1, 1879, and enjoyed all the benefits result-
ing from such occupancy; that these defendants verbally con-
tracted with the Ottumwa Gas Light Company to furnish
said Ottumwa Temperance Reform Club the gas required
to light said opera house and rooms thereunder; that by vir-
tue of said verbal understanding the gas company did from
time to time, and as required, furnish said club a large amount
of gas; that said club was not incorporated at the time the
above contracts were made, and is not now; and that said
account for gas has been assigned to plaintiff.

Upon the grounds above stated, the plaintiff sought to make the defendants individually liable. To the petition there was a demurrer, which was sustained, and the plaintiff filed an amended petition, stating various acts and things done, and reaffirming all the allegations of the petition; and thereupon asked judgment against the defendants individually. To the amended petition the defendants demurred. The demurrer was sustained, and the plaintiff excepted, and, electing to stand thereon, appealed.

*Williams, Jaques & Adler*, for appellant.

*Chambers & McElroy*, for appellees.

SEEVERS, J.—I. As we understand the petition, the verbal contract entered into with the gas company is an original undertaking on the part of the defendants. At their request the gas was furnished the club, and, of course, it seems to us, the defendants are bound to pay for the gas so furnished. It matters not to whom it was furnished. The gas company had the right to expect that the defendants would pay for whatever was furnished at their request. There is no allegation that credit was extended to the club; and the only presumption which can be indulged in is that the credit was extended to the defendants. As they contracted, they must pay.

II. The more serious question is whether the defendants are individually liable under the lease, which, on its face, shows that it was entered into between the plaintiff, as party of the first part, and the Ottumwa Temperance Reform Club, party of the second part, and is signed by the plaintiff, and by the defendants as follows:

"Executive committee of the Ottumwa Temperance Reform Club." { "R. L. TILTON, S. B. THRALL, DAVID EATON, JOSEPH SLOAN."

It is insisted that the lease shows that credit was extended to the club, and that the contract was made with it; that the principal was named, and therefore the defendants cannot be

made individually liable. This line of argument possibly
would be conclusive if there was a principal. But there is
none. The club is a myth. It has no legal existence, and
never had. It cannot sue or be sued. The defendants con-
tracted in the name of a supposed principal; that is, they
claimed there was a principal for whom they were acting, but
it now appears that there was no principal known to the law.
But, under the allegations of the amended petition, it should
be assumed, we think, that there was, as a matter of fact, a
body of men associated together for a benevolent purpose,
who had assumed the name above stated, for the avowed pur-
pose, by their united efforts, of suppressing intemperance.
There is, however, some doubt in our minds whether it can
be said that the plaintiff extended credit to an organization
that had no legal existence. As the law does not recognize
such an organization, we are at a loss to know how or why it
can be said as a matter of law that the plaintiff contracted
with and extended credit to a mere myth. In legal parlance,
the organization cannot be named. It has no habitation or
place of abode.

It is also insisted that a fund was provided for the payment
of debts, and hence it must be presumed that the plaintiff
contracted in reliance upon such fund, and therefore the de-
fendants cannot be made individually liable. What the fact
may be we are not advised, but certainly this does not appear
on the face of the petition, and we have looked into the lease,
and there is no provision in it from which such an inference
can be drawn.

It is also insisted that there is no known legal principle or
rule under which the defendants can be made liable. It is
said that they are not parties. This is true; that is to say,
these defendants could not bind any other members of the
organization as a partner in a joint enterprise, or a contract
as to which he had no knowledge, and to which he did not as-
sent. But we think " those who engaged in the enterprise
(that is, became members of the organization) are liable for

the debts. They contracted, and all are included in such liability who assented to the undertaking or subsequently ratified it." It was so held in *Ash v. Guie*, 97 Pa. St., 493; *Fredendall v. Taylor et al.*, 26 Wis., 286; and this rule is supported to some extent by what was said by this court in *Keller v. Tracy*, 11 Iowa, 530, and *Drake v. The Board of Trustees*, Id., 54.

But it is said, these defendants did not contract. They certainly represented that they had a principal for whom they had authority to contract. They, for or on behalf of an alleged principal, contracted that such principal would do and perform certain things. As we have said, there is no principal, and it seems to us that the defendants should be held liable, and that it is immaterial whether they be so held because they held themselves out as agents for a principal that had no existence, or on the ground that they must, under the contract, be regarded as principals, for the simple reason that there is no other principal in existence. We think the demurrer should have been overruled.

REVERSED.