## WINONA LUMBER CO. v. CHURCH *et al.*

1.  The complaint, alleging that certain persons "met together and organized a voluntary unincorporated association under the name of the Watertown Trotting Association"; that the defendants were the general officers thereof, and its active managers; that, with the knowledge and sanction of the defendants, the plaintiff, relying upon defendants' responsibility therefor, sold lumber and building materials to said association, which were used in the construction of buildings for the use of such association, for which payment was past due,—states a cause of action against said defendants.

2,  Where parties unite in a voluntary unincorporated association, and for convenience contract under an associate name, the acts of the association, it not being a legally responsible body, are the acts of its members who instigate and sanction the same.

(Syllabus by the Court.    Opinion filed Feb. 2, 1895.)

Appeal from circuit court, Codington county.    Hon. J. O. ANDREWS, Judge.

Action by the Winona Lumber Company against Charles G. Church and others to recover for lumber sold and delivered. From a judgment dismissing the action, plaintiff appeals.    Reversed.

The facts are stated in the opinion.

*Julian Bennett* and *Martin Sheldon,* for appellant.

The objection of non-joinder in actions against part of the members of a voluntary unincorporated association must be raised by plea in abatement.    After a defense has been interposed in such an action upon the merits the objection of non-joinder will not be considered by the court.    Davidson v. Holden, 55 Conn, 153; 11 Am. & Eng  Enc. of Law 1051

A distinction is made in the decisions between voluntary unincorporated associations upon the basis of their objects. Where the association is for private profit or pleasure, with no public object, it is treated as a partnership.    Where the object of the association is of general public utility, it is held not to be a partnership.    Thomas v. Ellmaker, 1 Pars.  Eq.  Cas. 98; Phipps v. Jones, 59 Am. Dec. 708.    The association in this case comes within that class of unincorporated associations organized merely for the pleasure of its members without any public object in view.    Every member of the association is liable individually for all its debts, and his liability commenced as soon as he signed the articles of association.    Dennis v. Kennedy, 19 Barb 517; Lawler v. Murphy, 58 Conn. 294; Fredendal v. Taylor, 26 Wis. 286.

Such an association is unknown to the law.    It can only be sued in an action against its individual members, and as the association is not itself bound and cannot be bound, the individual

members composing it necessarily incur a liability, no matter what their intention. Lewis v. Tilton, 64 Ia. 220, 19 N. W. Rep. 911; Heath v. Gosling, 80 Mo. 310; 50 Am. Rep. 505.

*D. C. & W. R. Thomas, A. M. Weeden,* and *Seward & Stover,* for respondent.

The complaint in this action is insufficient for. the reason that this action is brought against parties in their individual capacities, while the complaint shows that the material was sold to an association and credit given to it, and not to the parties sued. The complaint fails to state for what this association was organized. Sec. 3186 of the Comp. Laws provides for voluntary unincorporated associations, and under that section the defendants had the right to form such an organization. So organized it could enter into any contract within the range of its purpose and authority. Under the complaint, therefore, the association became the debtor. The defendants are not sued as partners. There is no allegation of partnership, and there is no allegation that they promised to pay the claim. or that they received the benefits of the purchase. Beach on Private Corps. Secs. 168, 169, 170; Blanchard v. Kaull; 44 Cal. 440; Bart v. Lathrop, 17 N. W. 716.

The complaint is further insufficient in that it fails to show that the association is not amply able to meet all of its obligations. It is a fair inference from the complaint that the association was organized for some of the lawful purposes of profit enumerated by statute, and being so organized for profit that it had property of its own to meet all of its debts. First National Bank of Green Bay v. Goff, 31 Wis. 81.

The fact that the complaint contains no allegation that the defendants knew of and sanctioned the sale to the association raises no implied promise on their part to pay the purchase price. The complaint shows nothing more than the mere purchase of the property to be paid for upon delivery out of the funds of the association. In order to render defendants liable there must be either an express or implied assent that the goods

should be furnished upon their individual responsibility. Mechem on Agency, Sec. 72; Ray v. Powers, 134 Mass. 22; De Voss v. Gray, 22 Ohio St. 159; Burt v. Lathrop, 52 Mich. 106; Laford v. Deems, 81 N. Y. 507.

KELLAM, J.   The complaint of the appellant, who was plaintiff in the court below, after alleging its incorporation, as its cause of action against respondents as defendants alleged as follows:   "Second, that upon the 1st day of June, 1889, certain persons of the city of Watertown, South Dakota, met together and organized a voluntary, unincorporated association under the name of the Watertown Trotting Association, with the following persons as officers thereof:   The defendant Charles G. Church as the president; the defendant J. E. Kelley as the vice president; the defendant Ole Gesley as the treasurer, and the defendant A. L. Buell as the secretary.   That said unincorporated association continued in existence until some time after the 1st day of August, 1890, without any change whatever being made as to the persons who acted as the officers of the said association.   That the defendants herein, and each of them, from the time the said Watertown Trotting Association was organized until the 1st day of August, 1890, were members of the said association, and took an active and aggressive part in the management and control of its affairs.   Third, That during the months of June and July in the year 1890 the plaintiff, at the instance and request of the said association known as the Watertown Trotting association, and with the knowledge and santion of each of the defendants herein, furnished, sold, and delivered to the said unincorporated association certain lumber and building materials, which were used in the construction of buildings and structures used by the said Watertown Trotting Association.   Fourth, That the lumber and building material so furnished by the plaintiff to the said Watertown Trotting Association were of the value of $333.70, and the last of the said lumber and building material was furnished and delivered upon

the 10th day of July, 1890.   Fifth, The plaintiff further alleges that the lumber and building material furnished, sold, and delivered as herein set fourth were furnished, sold, and delivered upon the individual responsibility of the defendants herein named, and that the plaintiff, in furnishing, selling, and deliv ering the said lumber and building material, relied solely upon the said defendants for the payment of the purchase price thereof; and that the purchase price of the same, or any part thereof, has not been paid." The defendants, except Buell, who has removed from the state, and was not served, answered separately, denying the allegations of the complaint.   Upon the trial the court sustained an objection to the introduction of any evidence by plaintiff, on the ground that the complaint did not state a cause of action, and on motion rendered judgment against plaintiff, dismissing the action.   From this judgment plaintiff appeals.   The single question therefore is, do the facts stated in the complaint constitute a cause of action against these defendants?

While there are a good many reported cases presenting facts analogous to this, the courts do not seem to have adopted the same view as to the relation of the individual members of an unincorporated association to each other.   In many cases the members of such an association have been held to be part ners, and liable as such.   See Gorman v. Russell, 14 Cal. 531; Babb v. Reed, 5 Rawle 158;   Taft v. Ward, 106 Mass. 518; Lynch v. Postlethwaite (La.) 12 Am. Dec. 495.   In other cases, like Ash v. Guie, 97 Pa. St. 493; Lewis v. Tilton, 64 Iowa 220, 19 N. W. 911,—it has been held that members of such an asso ciation are not partners.   A decision of this case does not seem to us to require the express adoption of either of these views. The complaint shows that these defendants were the general officers of an unincorporated association, under the name of the Watertown Trotting Association.   Its purpose and object is disclosed only as suggested by its name.   It is further stated that with the knowledge, approval, and sanction of these defend-

ants, as its general managing officers, the association purchased the materials named in the complaint from the plaintiff, and that such materials were used in the construction of buildings for such association. The association itself was the nominal or theoretical principal, of which these defendants were the officers and agents, but the nominal principal had no legal existence. As said by Judge Seevers in Lewis v. Tilton, *supra,* it was a myth. The members of the association, as a matter of convenience, transacted their business connected with this enterprise under an assumed associate name. The acts of the association, it not being a legally responsible body, were the acts of its members, who instigated and sanctioned the same. They made the purchase in the name of a fictitious principal. As a matter of law, the plaintiff, in giving credit to the associate name, gave credit to the parties who adopted and operated under such name. To hold otherwise would defeat the plain requirement of justice. It is not sought in this case to impose liability upon any except those who were actively responsible for the purchase. Possibly others besides those named as defendants may also be liable in this case, but there is nothing in the complaint so showing. It does appear that the defendants named instigated and sanctioned the purchase, and they are liable on the ground that one who, as agent, assumes to represent a principal who has no legal existence or status, is himself liable. Mechem, Ag. § 557. The principal which seems to us controlling in this case is tersely stated in Lewis v. Tilton, *supra:* "But it is said these defendants did not contract. They certainly represented that they had a principal for whom they had authority to contract. They, for and in behalf of an alleged principal, contracted that such principal would do and perform certain things. As we have said, there is no principal, and it seems to us the defendants should be held liable, and that it is immaterial whether they be held liable because they held themselves out as agents for a principal that had no existence or on the ground that they must, under the contract, be

regarded as principals, for the simple reason that there is no other principal in existence." That members of an unincorporated association, having no legal status, are personally liable, independent of the question of partnership, on contracts which they have assented to or assisted to make in its name, is fully declared in Lewis v. Tilton, *supra*; Davison v. Holden, 55 Conn. 103, 10 Atl. 515; Herod v. Rodman, 16 Ind. 241; Ash v. Guie, *supra*; Heath v. Goslin, 80 Mo. 310. The same doctrine was distinctly recognized, though not so definitely stated, and applied in Ray v. Powers, 134 Mass. 22; Sizer v. Daniels, 66 Barb. 432; Fredendall v. Taylor, 23 Wis. 538, and again in 26 Wis. 286. Tested by these views, we are of the opinion that the court erred in holding that the complaint did not state a cause of action against the defendants, and for such error the judgment is reversed, and the case remanded for further proceedings according to law. All the judges concur.