**McLAUGHLIN, Adm'r, v. LAGERS et al.**

No. 12673—Opinion Filed Dec. 11, 1923.

Rehearing Denied March 25, 1924.

Second Rehearing Denied May 13, 1924.

**1. Pleading—Sufficiency of Petition.**

Petition in this cause examined, and held sufficient to state a cause of action.

**2. Same—Effect of Opening Statement.**

After the pleadings are made up and issues joined by answer in nature of general denial, if the petition is good against a demurrer, it is good against a motion for judgment in favor of defendant upon opening statement of counsel, unless it appears that such statement contravenes the material allegations of the petition, whether by conceding errors in the petition or failure of the proof to sustain the petition.

**3. Appeal and Error—Sufficiency of Evidence.**

Where the evidence is conflicting and there is any substantial testimony tending to support the verdict, the same will not be disturbed on appeal.

**4. Contracts — Liability — Acceptance of Benefits.**

Where the testimony is sufficient to show that defendant stood in line with the benefits to be had from a contract and impliedly, if not expressly, accepted and approved the services of the plaintiff, under the terms of the contract, he is bound by the terms under sections 5013, 5031, and 5062, Comp. Stat. 1921.

**5. New Trial—Justice of Verdict—Duty of Court.**

Record examined as to court's criticism of the jury's verdict in this case, and held not sufficient to invoke the rule in cases of DeMeglio v. Studebaker Corp., 73 Oklahoma,

175 Pac. 342, and White v. Dougal, 60 Okla. 200, 159 Pac. 907.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County: S. C. Fullerton, Judge.

Action by W. B. Lagers against W. A. McLaughlin, and others. Judgment for plaintiff, and defendant named brings error. Upon death of plaintiff in error, cause revived in name of Elmer J. McLaughlin, administrator. Affirmed.

J. G. Austin, for plaintiff in error.

D. H. Wilson, for defendants in error.

Opinion by THREADGILL, C. This case presents an appeal by W. A. McLaughlin, plaintiff in error, one of the defendants below, from a judgment of the district court of Ottawa county in favor of W. B. Lagers, defendant in error, plaintiff below. After the cause was filed in this court the plaintiff in error died and the cause was revived September 26, 1922, in the name of Elmer J. McLaughlin, as administrator. For convenience, the parties will be referred to as in the trial court.

On April 4, 1920, the plaintiff brought suit against the defendant and others by filing a petition which, omitting the caption, was as follows:

"Comes now the plaintiff in the above entitled cause and for his cause of action against the defendants, alleges, that, to wit, on October 21, 1919, the plaintiff was employed by the defendants O. E. Tenney and B. J. McBride on their behalf and in the behalf of their codefendents herein, to drill ten drill holes at a depth not to exceed 800 feet at the agreed price of $1.50 per foot, and wherein and whereby the plaintiff agreed to move his No. 5 Keystone drill rig to Copeland, Oklahoma, for the purpose of doing said drilling and that the said defendant C. E. Tenney deposited with the Bank of Seneca, Mo., a check for $200 to be cashed on the arrival of said drill rig at Copeland, Oklahoma.

"That it was further provided in said contract that each hole was to be paid for in full when completed and first party was to advance money for coal to second party (plaintiff herein) from time to time as the same was used for said drilling.

"That said contract was in writing and a copy thereof is attached hereto and marked Exhibit "A" and made a part hereof.

"The plaintiff states that in accordance with the terms and conditions of said contract, he moved his drill rig to the vicinity of Copeland, Oklahoma, on land belonging to the defendant McLaughlin, and that he

immediately begun drilling on said land where he was directed to drill by the parties hereto and that he continued said drilling until he had sunken one hole to a depth of 582 feet; that the defendants and each of them were interested in said contract, and said drilling was done for the benefit of each and all of these defendants herein, and that they are jointly and severally liable to him for the balance due on said drilling. That is to say, the plaintiff received the $200 deposited with the Bank of Seneca, and received two and one-half (2½) tons of coal worth about $25 that was used for the purpose of sharpening tools for said drill and he received the further payment of $25, making a total credit of $250.

"The plaintiff states that the defendants failed and refused to furnish or supply him with money to enable him to buy coal for the further drilling under said contract, and that at an expense of nearly $200 this plaintiff had supplied his own fuel for said drilling up to the time he had drilled 582 feet as heretofore stated and for the reason that the defendants failed and refused to supply him with fuel as aforesaid, this plaintiff refused to drill said hole to a greater depth than 582 feet and for the further reason that he was financially unable to carry on said drilling at his own expense for fuel.

"The plaintiff states that said work was done and performed for the benefit of each and all of the defendants and that each of said defendants are justly indebted to him upon said contract for said drilling, according to the price contracted for at $1.50 per foot, that is to say 582 feet at $1.50 per foot, making an indebtedness due plaintiff in the sum of $873 with a credit thereon in the sum of $250, thereby leaving due this plaintiff the sum of $623.

"The plaintiff states that said drilling was completed during the month of December, 1919, and that no further payments have been made on said contract than the said sum of $250 and there is justly due this plaintiff after all credits as aforesaid, the sum of $623 with 6 per cent. interest from and after the first day of January, 1920, all of which is past due.

"Wherefore, the plaintiff demands judgment against the defendants and each of them for the sum of $623 with 6 per cent. interest thereon from the first day of January, 1920, and for the costs of this suit and for all other and further proper relief to which he may be entitled."

On May 18, 1920, the defendants R. A. Rogers, J. S. Tenney, W. M. Carson, and W. A McLaughlin filed a demurrer to the petition, which was by the court overruled June 9, 1920, and exceptions saved, and thereafter on July 6, 1920, the said defendants filed their answer, which, omiting the caption, was as follows:

"Come now R. A. Rogers, J. S. Tenney, W. M. Carson and W. A McLaughlin and by leave of court first obtained, for their separate answer to the petition of plaintiff allege and state:

"That they deny each and every allegation contained in the petition of plaintiff.

"That they each deny having in any way authorized the execution of the contract set out in plaintiff's petition, if it was in fact ever executed, and deny having ever ratified same or concerned themselves in carrying out its terms, and deny that it was made for their benefit or the benefit of any of them or that they have ever received any benefits therefrom.

"Wherefore, defendants having fully answered pray that the plaintiffs may take nothing by this action and that they recover their costs herein."

On July 8, 1920, the plaintiff filed reply and upon the issues, as thus made up, the cause was tried to a jury on March 24, 1921.

In opening the trial plaintiff's attorney made the following statement to the jury:

"May it Please the Court, and Gentlemen of the Jury: I will make a statement to you now, gentlemen, acquainting you briefly with what the facts are in this case before we put on our evidence. In order to recall this a little more correctly myself I am going to read over the petition to you. This is a suit by W. B. Lagers against Charles Tenney and a number of others. They are not all summoned, they are not all in here, but a good many of them — some of them could not be found, but those that are here you will hear from in this case. The petition states: 'Comes now the plaintiff in the above entitled cause and for his cause of action * * * (reads petition) * * * party of the second part.' Now they called themselves the Bernice Oil and Gas Company, but there was no corporation formed, it was just a bunch of them that were together, that was C. E. Tenney, B. J. McBride, R. E. Rogers, J. S Tenney, W. M. Carson, Paul Pugh, L. Pugh and W. A. McLaughlin. Mr. Lagers, in accordance with his contract, went on there to do this drilling, and these gentlemen like gentlemen are that are looking for big things they put out this: (Mr. Wilson exhibits a paper, apparently an advertising circular). Mr. Austin: We object to the gentlemen exhibiting to the jury the evidence; he can make the statement of what he expects to show, but it is not proper to exhibit the evidence at this time. Mr. Wilson: We expect that the evidence will show that they put out a big flaming circular with all their

names on it in the name of a company, calling themselves a company, and used that, and that according to the arrangements made Mr. Lagers went on there and went to drilling, but as you notice by the contract it is provided that he must—that they must furnish him the coal to do that drilling with. Now after referring to the contract which I have read to you, this goes on: 'The plaintiff states that in accordance with the terms and conditions of said contract he moved his drilling rig. * * * (reads balance of petition) * * * all of which is past due.' Wherefore plaintiff demands judgment against the defendants and each of them for that sum.

"Now, as I stated a moment ago, your attention is called to this contract, each hole to be paid for in full when completed, and the first party is to advance money for coal bill to second party from time to time as same is used. And now there is the trouble, and that is the reason this plaintiff had to quit, he had to throw up the job, he could not buy any more coal, I do not know how much these gentlemen were in having this go on, as far as that is concerned, there wasn't very much oil in that country I don't suppose, and it may be the very best thing that ever happened to him that he stopped before he drilled the eight holes if they didn't want to go broke, but at any rate he did stop and that terminated the business, he was drilling when he stopped on land belonging to this old gentleman here, Mr. McLaughlin by name, and when he went down there to begin this drilling he conversed with Mr. McLaughlin from time to time, and I believe he paid Mr. McLaughlin for the coal and I do not think there is any question but what it will be shown that the parties who have been summoned in this case are liable. The answer is filed by Rogers, Tenney, Carson and McLaughlin and Rogers and Pugh—two by the name of Pugh and J. S. Tenney, they were not summoned."

Counsel for the defendants, upon this statement, moved for judgment in favor of the defendants on the grounds that the petition did not state a cause of action and said petition supplemented by the opening statement of counsel did not state a cause of action against the defendants, which was overruled and exceptions saved. After hearing the testimony and the instructions of the court, the jury returned a verdict in favor of the plaintiff for the amount sued for, and judgment was rendered accordingly, and thereupon the defendant W. A. McLaughlin filed motion for new trial alleging:

"(1) That the verdict of the jury was not sustained by sufficient evidence and was contrary to law. (2) That the court erred in overruling the demurrer to the petition, (3) That the court erred in admitting testimony objectionable to the defendant. (4) That the court erred in overruling the demurrer to the evidence. (5) There was no competent evidence upon which to base the verdict."

On April 9, 1921, this motion was overruled, and at the time the same was being considered the court made the following statements:

"I sustained the demurrer on the part of R. A. Rogers, W. M. Carson, and J. S. Tenney, interposed at the close of the plaintiff's testimony, for the reason that there had been no evidence introduced to connect them in any way with the execution of or any interest in the contract sued upon, and I overruled the demurrer of W. A. McLaughlin, interposed at the same time, for the reason that the plaintiff, Lagers, had stated in his testimony that McLaughlin had said to him that he was interested in the contract. Had it not been for that testimony I would have also sustained the demurrer of McLaughlin, and while if I had been on the jury I would not probably have agreed to the verdict rendered yet I do not like to invade the province of the jury, and having submitted this issue to them, which I think I did very clearly by the instructions, and they having the evidence before them evidently decided that the statement on the part of Lagers was true. I was very much impressed with the truthfulness of the statements made by Mr. McLaughlin with regard to this matter, but having submitted the matter to the jury, I feel that I should not attempt to set the verdict aside."

And the defendants appealed by petition in error with case-made attached, and urged, first, that the petition did not state a cause of action and the demurrer thereto should be sustained.

1. We think the petition was sufficient to state a cause of action against the defendants or any of them under chapter 3, article 7, Comp. Stat. 1921, and the court committed no error in this respect.

2. The defendant contends that the petition and the opening statement of counsel were not sufficient to state a cause of action against the defendant and the court should have sustained the motion for judgment upon the pleadings and opening statement of counsel.

After the pleadings are made up and issues joined by answer in the nature of a general denial, if the petition has been good against a demurrer, it is good against a motion for judgment in favor of defendant upon the opening statement of counsel, unless it appears that such statement contra-

venes the material allegations in the petition, whether by conceding errors in the petition or failure of the testimony to sustain the petition. We do not think the opening statement in this case was in contravention of the petition, and the court was right in overruling the motion.

3. In the next place defendant complains that the testimony was not sufficient to sustain the verdict.

We have examined the record to see if there was any substantial testimony to sustain the verdict, and, while it is conflicting, we find ample testimony to establish the allegations of the petition and to sustain the verdict of the jury and judgment of the court. 1st. The work was done on defendant's premises and defendant's sons were there in his absence out of the state, and aided in locating the place to drill the first well. 2nd. The defendant returned from his visit out of the state and knew the work was being done on his premises and impliedly encouraged it. 3rd. The oil company proposed for organization to be Bernice Oil & Development Company, was advertised by circulars and the defendant's name appeared in the circular as one of the promoters, and he gave two checks in the interest of this company in the sum of $750, and one of the checks had a notation on it for "stock in company." These checks passed through the hands of the defendant Tenney, and Tenney and McBride were the men who signed the contract with the plaintiff. 4th. The defendant told the plaintiff and others that he was interested in the company. 5th. The defendant knew that his name was being used in connection with this company and its promotion and made no objections. The jury heard all this testimony and under instructions of the court, not complained of by the defendant, returned a verdict in favor of the plaintiff and against the defendant, and under the well-established and oft-repeated rule of this court, such verdict will not be disturbed on appeal. Sharp v. Pawhuska Company, et al., 90 Okla. 211, 217 Pac. 214.

4. This testimony was sufficient to show that the defendant stood in line with the benefits to be had from the contract pleaded and impliedly, if not expressly, accepted and approved the services of the plaintiff, and should, therefore, be bound by the terms of the contract. Sections 5013, 5031, and 5062, Comp. Stat. 1921, Wynona, etc., v. Church (S. D.) 62 N. W. 107.

5. The defendant further contends that if the verdict of the jury is such that the trial court cannot conscientiously approve it and believes it should have been for the other party, it is its duty to set it aside and grant a new trial; citing DeMeglio v. Studebaker Corporation, 73 Oklahoma, 175 Pac. 342, and White v. Dougal, 60 Okla. 200, 159 Pac. 907.

We agree with the rule and the reason for the rule stated in these cases, but we cannot see where it applies to the instant case. In passing on the motion for new trial, the court did make one remark reflecting on the verdict, in stating that if he had been on the jury he would not, probably, have agreed to the verdict rendered. In this connection he concedes and approves the testimony, that McLaughlin, defendant, was interested in the contract, and approved the verdict and overruled the motion for new trial and rendered judgment in the case.

It appears from the record that the court acted with great caution at every stage of the proceedings and manifested a disposition of great fairness to all parties, and while the criticism of the verdict should not have been made, still we do not think it was sufficient to bring it within the rule of the above cases, and we do not think the plaintiff's cause should be prejudiced by the criticism. We think upon the whole record that substantial justice was done between the parties, and we, therefore, recommend that the judgment be affirmed.

By the Court: It is so ordered.