**C. R. ANTHONY CO., Inc., v. STROUD.**

No. 29941.    June 3, 1941.

*114 P. 2d 177.*

Cantrell, Savage & McCloud, of Oklahoma City, and Meacham, Meacham & Meacham, of Clinton, for plaintiff in error.

A. E. Darnell, Fred E. LaRue, and Eph Monroe, all of Clinton, for defendant in error.

HURST, J.   Plaintiff Stroud brought this action for rents due from defendant upon a storeroom in Weatherford. The trial court directed a verdict for plaintiff, and defendant appeals.

The undisputed facts necessary to an understanding of the controversy are these: Defendant occupied the storeroom for a year under a written lease, which provided for a monthly rental of $100 and expired August 15, 1928. The lease contained the provision "that this lease shall not be considered renewed except by agreement of the parties hereto." Shortly before the lease expired plaintiff inquired of defendant's local manager whether defendant desired a renewal of the lease, and thereafter was informed by the manager that he un-

derstood the company desired the room for another year. Plaintiff, apparently desiring official confirmation of the defendant's intentions, addressed several letters to its Oklahoma City office, some of which were produced at the trial. The letter which we regard as decisive of the case was dated September 3, 1928, and, omitting formal parts, reads as follows:

"Since I wrote you a few days ago in regard to a lease on my building that you occupy here, I have decided to make you a new offer. If you want this room I will make a contract at the same price you have been paying.

"Please consider my offer and let me hear from you at once. In case you do not want a contract with me. I will expect $130 a month from the end of your old contract."

No response was made by defendant to any of plaintiff's letters, but it continued to occupy the room and pay rent at the rate of $100 per month until January 1, 1929, when, without notice to plaintiff, it removed to other quarters. Plaintiff was unable to rent the room until June, 1929, and sued to recover, and obtained judgment for, $100 per month for the five months the room remained unoccupied, together with legal interest.

Defendant in its first three contentions argues that it held over as a tenant at will under section 10898, O. S. 1931, 41 O.S.A. § 2, and that there was no express or implied renewal of the lease. Defendant asserts that no authority on the part of its local manager to bind it is shown, and that the words "if you want this room I will make a contract" and the request to consider his offer and communicate with him, in plaintiff's letter above quoted, shows that plaintiff contemplated the execution of another contract, and prescribed a particular mode of acceptance.

The plaintiff argues that under section 10930, O. S. 1931, 41 O.S.A. § 35, the lease is presumed to have been renewed for the same time and on the same terms, and further that by its acts and conduct the defendant accepted the offer of plaintiff to renew the lease for another year on the same terms.

1. We think the language of the letter of September 3rd evidenced a desire on the part of plaintiff to make clear to defendant the terms upon which defendant could continue to occupy the storeroom, and an endeavor to secure from defendant some indication of whether it would continue the lease in effect for another year, or continue its occupancy of the premises on a monthly basis at the higher rental for such time as it desired. Defendant, by continuing to occupy the premises and paying the smaller rental, sufficiently indicated its choice of the renewal of the lease. It was advised that it could continue occupancy at the lower rental only upon such basis. If neither of the propositions submitted by plaintiff was acceptable, it was its duty to negotiate with plaintiff for terms.

Section 9429, O. S. 1931, 15 O.S.A. § 70, provides that "performance of the conditions of a proposal, or the acceptance of the consideration offered with a proposal, is an acceptance of the proposal." Section 9434, O. S. 1931, 15 O.S. A. § 75, provides that "a voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known to the person accepting."

In Moore v. LaSalle Extension University, 146 Okla. 88, 293 P. 532, it was held that under the terms of said sections 9429 and 9434, the retention of books and making payments thereon constituted an acceptance of a contract to purchase them, which Moore had previously repudiated. In McLaughlin v. Lagers, 99 Okla. 155, 225 P. 920, it was held that where one of the defendants did not sign the contract, but accepted the benefits thereof, he was bound thereby, citing said section 9434 and other sections. See, also, 12 Am. Jur. 532; 6 R.C.L. 605; 17 C.J.S. 374; 13 C. J. 275.

Defendant argues that plaintiff by a letter dated September 11, 1928, advising defendant that its rent was $130 per month, and that plaintiff was holding its check for $100, and requesting a check for the difference, indicated that he did not consider that the lease had been renewed. But plaintiff testified that defendant made no reply to this letter, and he concluded that, as he was advised by the local manager, defendant had decided to keep the place for another year, and, therefore, in the latter part of September cashed the check and accepted the lower rental. This letter was another attempt by plaintiff to obtain from defendant some expression of its intentions, and defendant again made no response, thus leading plaintiff to believe that it considered its intentions sufficiently evidenced by its conduct.

We hold that the offer to make a contract, and the request that defendant advise plaintiff of its election, did not prescribe an exclusive mode of acceptance, and that when defendant, without rejecting either or both of the offers contained in the letter of September 3rd, continued to pay the lower rental, it sufficiently evidenced its acceptance of the offer to renew the lease under the above statutory provisions and authorities. There being no dispute in the facts, the court properly directed the jury to return a verdict for the plaintiff.

In view of what we have said, it is not necessary to determine whether there was an oral agreement or renewal between plaintiff and the local manager of defendant, or whether proof of the latter's agency was sufficient. Nor is it necessary to discuss or attempt to reconcile sections 10898 and 10930, O. S. 1931, 41 O.S.A. § 2 and 41 O.S.A. § 35, on which the parties largely base their respective contentions that the defendant held over as a tenant at will or under the terms of the written lease. Nor do we find any merit in the contention of the defendant that there was a variance between the allegations of the petition and the evidence introduced by plaintiff. Plaintiff both pleaded and proved an offer by him to renew the lease and an acceptance of the offer by the acts and conduct of the defendant.

2. Defendant further contends that the trial court erred in refusing its request for special findings of fact and conclusions of law. It asserts that section 374, O. S. 1931, 12 O.S.A. § 611, makes it the mandatory duty of the trial court to comply with such request. But this was a jury case, and the duty of the court in such case is governed by the provisions of section 370, O. S. 1931, 12 O.S.A. § 588, under which the action of the trial court is discretionary. King v. Timmons, 23 Okla. 407, 100 P. 536; LaFayette v. Bass, 122 Okla. 182, 252 P. 1101.

Affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON and ARNOLD, JJ., concur.