Sarah Elizabeth DRACE, Executrix of the Estate of E. H. Stubbeman, Deceased, Appellant,

v.

Homer C. HYDE, Appellee.

No. 43824.

Supreme Court of Oklahoma.

May. 9, 1972.

Rehearing Denied June 6, 1972.

Luttrell, Pendarvis & Rawlinson, Norman, for appellant.

Charles B. Lutz, Jr., Speck, Fleig, Hewett & Philbin, Oklahoma City, for appellee.

McINERNEY, Justice:

Appellant Sarah Elizabeth Drace, as Executrix of the Estate of E. H. Stubbeman, deceased, commenced this action to determine whether a lease between her decedent, as lessor, and appellee Homer C. Hyde, as lessee, had been legally terminated. Claiming that the lease had not been legally terminated, appellant sought to recover monthly rental payments which had not been made by appellee. The trial court sustained a demurrer to appellant's amended petition and dismissed the action.

The Court of Appeals affirmed on the basis that the lease expired without the option to extend being exercised by written notice and that the alleged actions by appellee would not constitute an exercise of the option. Brightmire, P. J., expressed the dissenting view that the provision for written notice is for the benefit of lessor, which can be waived by him, and that the amended petition alleged sufficient facts which, if supported by evidence, would constitute a waiver of the written notice and a renewal of the lease. We grant certiorari and reverse the decision of the Court of Appeals.

When a demurrer to a petition has been sustained, we accept the truth of the facts alleged in the petition. Raley v. Thompson, 203 Okl. 633, 634, 225 P.2d 171, 173 (1950). Applying this rule to appellant's amended petition, we will state the facts relied on by appellant to establish a cause of action against appellee.

Appellant's decedent leased property in Norman, Oklahoma, to appellee for a period of five years at a rental of $280.00 monthly. The lease granted appellee an option to extend the term for an additional five year period at a monthly rental of $300.00 upon written notice at least 60 days prior to the expiration of the original term. At the end of the original five year term, without giving written notice that he elected to extend the lease, appellee continued to occupy the premises paying $280.00 monthly. Five months after the expiration of the original term, appellant's decedent notified appellee that the lease had expired, that the lease provided for a renewal of five years at $300.00 per month, and that appellee owed an additional $100.00 for the five month period. Shortly after receiving this notice, appellee paid $100.00 to appellant's decedent. For an additional 31 months, appellee continued to occupy the premises and pay the monthly rental of $300.00 specified by the extension option. Three years after expiration of the original lease term, having given more than one months notice, appellee vacated the premises and ceased to make rental payments.

In this case, we are considering an amended petition which has been dismissed because it failed to state a cause of action. Therefore, we need decide only whether the facts alleged in the amended petition constitute a cause of action against appellee. Herndon v. Paschal, Okl., 410 P.2d 549, 551 (1966).

Appellant argues that her decedent waived the requirement of written notice of appellee's election to extend the lease; that appellee's conduct constituted an exercise of the option to extend the lease; and that, since the lease had been extended, it could not be terminated until the end of the five year extension. Appellee argues that he could not exercise the option to extend without giving written notice; that, since written notice was not given, he became a tenant from month to month; and

that he legally terminated the month to month tenancy by giving more than thirty days notice.

Relying on Ketcham v. Oil Field Supply Co., 99 Okl. 201, 226 P. 93 (1923), appellant contends her decedent waived the written notice requirement when he advised appellee of the larger monthly rental required during the extended term of the lease and accepted this monthly rental rate for a period of three years. In *Ketcham,* the Court held that a lessor could orally waive written notice of an election to extend the lease and that a lessee's oral notice of election to extend would not violate the statute of frauds. Further, the Court held that a waiver is a voluntary or intentional relinquishment of a known right and that the determination of whether a lessor intended to waive a written notice requirement is for the jury. Under the circumstances alleged in appellant's amended petition, if the allegations are supported by competent evidence at the trial, a jury should be allowed to determine whether appellant's decedent waived the written notice requirement of the lease involved in this case.

To establish an extension of the lease, appellant relies on appellee's conduct after being notified that the extension provision of the lease provided for a larger monthly rental rate and that appellee owed additional rent for his five month period of occupancy since expiration of the original lease term. Following this notification, appellee paid the additional rental for the five month period. Thereafter, appellee occupied the premises and paid the larger monthly rental rate for a period of 31 months. These facts are similar to the factual situation involved in C. R. Anthony Co. v. Stroud, 189 Okl. 104, 114 P.2d 177 (1941).

In *Stroud,* after expiration of a one year lease, lessor offered in writing to renew the lease for another year at the same monthly rental rate. At the same time, lessor informed lessee that the monthly rental rate would be increased if lessee de-sired to continue occupying the property without renewing the lease. For several months, lessee continued to occupy the property and pay the lower monthly rental rate specified in the renewal offer. The Court held that lessee's conduct constituted an acceptance of lessor's offer to renew the lease for one year.

Appellee cites Simmons v. Fariss, Okl., 289 P.2d 372 (1955), for the proposition that a thirty-day notice in writing is sufficient to terminate a tenancy at will, and Clifford v. United States Fidelity & Guaranty Co., 119 Okl. 133, 249 P. 938 (1926), and Continental Oil Co. v. Ryan, Okl., 392 P.2d 492 (1963), to illustrate the distinction between an option to renew a lease and an option to extend it. We have no quarrel with the rule of law announced in these cases, but find the cases have no application to the factual situation presented here.

In *Simmons,* the lease did not provide an option to renew the lease after termination; the lease expired by its own terms and the lessee held over while paying the same monthly rental. *Clifford* involves an indemnity contract relating to execution of a depository bond. In *Ryan,* the lease expressly provided that the tenant shall hold under the original lease according to its conditions and privileges; the lease involved in this appeal expressly provides that the tenant shall pay an increased rental if the lease is to be extended for an additional five years. We believe that *Stroud* expresses the applicable rule in the instant case.

Comparing the alleged conduct of appellee with the conduct of the lessee in *Stroud,* we conclude that appellant's amended petition stated facts sufficient to constitute a cause of action against appellee.

The decision of the Court of Appeals is reversed; the judgment of the trial court is reversed; and the case is remanded to the trial court for further proceedings.

All Justices concur.