2010 OK CIV APP 49

**DUNBAR ENGINEERING CORPORATION, Plaintiff/Appellee,**

v.

**RHINOSYSTEMS, INC., Defendant/Appellant.**

**No. 106,109.**

Court of Civil Appeals of Oklahoma, Division No. 2.

April 6, 2010.

Douglas R. Scott, The Baker Law Firm, PLLC, Owasso, OK, for Plaintiff/Appellee.

Robert J. Bartz, Joe M. Fears, David M. vonHartitzsch, Barber & Bartz, Tulsa, OK, for Defendant/Appellant.

DEBORAH B. BARNES, Judge.

¶ 1 Rhinosystems, Inc., appeals the trial court's Order Compelling Arbitration filed on June 25, 2008, in which the trial court ordered Rhinosystems and Dunbar Engineering Corporation (Dunbar), to "proceed to arbitrate [their] controversy in accordance with the terms of the arbitration provision contained in the Engineering Services Proposal. . . ." We find that the trial court erred in refusing to conduct an evidentiary hearing on Dunbar's Motion to Compel Arbitration and in overruling Rhinosystems's Motion to Reconsider. Therefore, we reverse and remand this case to the trial court to conduct an evidentiary hearing to resolve the contested issues of fact regarding whether a contract was formed to arbitrate disputes between the parties.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Rhinosystems, an Ohio corporation, develops, manufactures, and markets nasal irrigation devices. In 2007, Rhinosystems completed the initial development of such a device.

¶ 3 Dunbar is an engineering firm located in Oklahoma. After preliminary emails and telephone conversations between Dunbar and Rhinosystems regarding the device in early November 2007, Dunbar, pursuant to Rhinosystems's request,[1] sent Rhinosystems an "Engineering Services Proposal" and "Rate Schedule" (the Proposal) on November 13, 2007. The Proposal set forth, inter alia, the tasks Dunbar would undertake (divided into three "phases"), the per hour rate of Dunbar's staff, and contained the following arbitration provision:

Any disputes are subject to binding arbitration with a [Dunbar] selected Tulsa attorney or arbitration firm. [Dunbar's] client will pay [Dunbar's] attorney, arbitration and court fees incurred. [Dunbar's] liability for damages due to professional negligence will be limited to the fee or appropriate portion.[2]

¶ 4 Dunbar commenced working on the first phase of the project delineated in the Proposal. According to Rhinosystems, the parties orally agreed that Dunbar render engineering services. However, Rhinosystems denies that such an agreement incorporated all the terms of the Proposal. Specifically, Rhinosystems denies that the arbitration provision was incorporated into their agreement.[3] In its Brief-in-chief, p. 2, Rhinosystems argues that "[u]ltimately, [Rhinosystems] and Dunbar reached an oral agreement independent of the Proposal. . . ."

¶ 5 After a dispute over billing arose between the parties, Dunbar commenced this case by filing an Initial Application and Motion to Compel Arbitration on February 27, 2008. Dunbar requested the trial court to order Rhinosystems "to proceed to arbitration in accordance with the Arbitration Agreement between the parties."

¶ 6 In its Brief in Opposition filed on April 15, 2008, Rhinosystems objected to Dunbar's motion. Rhinosystems attached an affidavit from its president, who averred that he ultimately rejected the Proposal, did not sign it, and that he had never discussed the arbitration clause with Dunbar.[4] Dunbar, in its Motion to Compel Arbitration, attached a complaint sent by Rhinosystems to the Oklahoma State Board of Licensure for Professional Engineers and Land Surveyors (the Board), in which Rhinosystems stated:

Attached as Exhibit **B** is [the Proposal] provided by Dunbar identifying the work that Dunbar was to do, the cost for completing the work and the associated rate schedule. [The Proposal] was never signed by [Rhinosystems]; however,

---

1. Record, p. 18.

2. R., p. 7.

3. R., p. 35.

4. R., p. 18.

Dunbar was orally instructed to proceed with the work identified as Phase One by [the Proposal].[5]

In its complaint to the Board, Rhinosystems also complained that "Dunbar has not completed the tasks of its Proposal, Phase One...." Dunbar also attached some emails between Rhinosystems and Dunbar which, it argues, further support its claim that Rhinosystems accepted the Proposal.

¶ 7 In a Notice of Hearing to set the date for a status conference, filed on May 14, 2008, the trial court granted Dunbar's Motion to Compel Arbitration. On May 29, 2008, Rhinosystems filed a Motion to Reconsider in which, inter alia, it requested that the trial court conduct "an evidentiary hearing to resolve the fact issues between the parties as to whether an agreement to arbitrate existed and, if so, whether enforcement of such provision would be unconscionable."[6] Dunbar filed an objection to this motion on June 17, 2008.

¶ 8 The trial court denied Rhinosystems's Motion to Reconsider and its request for an evidentiary hearing found therein. In an Order Compelling Arbitration filed on June 25, 2008, the trial court found that (1) the parties entered into an agreement for engineering services according to the terms of the Proposal drafted and submitted by Dunbar to Rhinosystems, (2) the terms of the parties' agreement contained a provision that any disputes would be subject to binding arbitration, and (3) a dispute has arisen between the parties concerning payment and services under the agreement and this dispute is subject to the arbitration provision in the agreement. Therefore, the trial court ordered Rhinosystems and Dunbar to "proceed to arbitrate [their] controversy in accordance with the terms of the arbitration provision contained in [the Proposal]...." From this order, and the order denying its Motion to Reconsider, Rhinosystems appeals.

## STANDARD OF REVIEW

¶ 9 Either party may request an evidentiary hearing on the motion to compel arbitration. *Rogers v. Dell Computer Corp.,* 2005 OK 51, ¶ 17, 138 P.3d 826, 830. The decision to grant an evidentiary hearing will be in the discretion of the district court. *Id.* An abuse of discretion occurs when the trial court bases its decision on an erroneous conclusion of law or when there is no rational basis in the evidence for a ruling. *Fent v. Oklahoma Natural Gas Company,* 2001 OK 35, 27 P.3d 477. "In order to determine whether there was an abuse of discretion, a review of the facts and the law is essential." *Board of Regents of University of Oklahoma v. National Collegiate Athletic Association,* 1977 OK 17, ¶ 3, 561 P.2d 499, 502.

¶ 10 A motion to reconsider is not recognized in Oklahoma procedural statutes. *McMillian v. Holcomb,* 1995 OK 117, n. 3, 907 P.2d 1034, 1036 n. 3. A motion for reconsideration may be regarded as a motion for new trial pursuant to 12 O.S.2001 § 651. *Id.* A motion seeking reexamination filed within ten days after the decision is treated as a motion for new trial. *Horizons, Inc. v. Keo Leasing Co.,* 1984 OK 24, ¶ 4, 681 P.2d 757. Here, Rhinosystems's May 29, 2008 motion to compel arbitration was filed prior to the June 25, 2008 Order Compelling Arbitration and is, therefore, deemed filed on that date. 12 O.S.2001 § 653(C). We review a trial court's order denying a motion for new trial pursuant to an abuse of discretion standard. *Robinson v. Oklahoma Nephrology Associates, Inc.,* 2007 OK 2, 154 P.3d 1250.

## ANALYSIS

¶ 11 As stated above, either party may request an evidentiary hearing on the motion to compel arbitration. *Rogers,* 2005 OK 51, ¶ 17, 138 P.3d 826, 830. The decision to grant an evidentiary hearing will be in the discretion of the district court. *Id.* "However, if the existence of an agreement to arbitrate is controverted, then the better procedure is for the district court to conduct an evidentiary hearing before entering an order." *Id.* In fact, where the party opposing a motion to compel arbitration "request[s] that the district court conduct an evidentiary

---

5. R., p. 9.

6. R., p. 34.

hearing before ruling on the motion to compel arbitration," and where there is no stipulation by the parties settling the controverted fact issues raised, "the district court [is] duty-bound under Rule 4(c) [of the Rules for District Courts] to grant [the] requested evidentiary hearing and allow [that party] to present proof in support of its opposition to the motion to compel arbitration." *Oklahoma Oncology & Hematology P.C. v. U.S. Oncology, Inc.*, 2007 OK 12, ¶ 36, 160 P.3d 936, 950. "Such a hearing comports with notions of procedural due process." *Id.* (footnote omitted).

 ¶ 12 Highly contested fact issues exist regarding the terms of the agreement for engineering services entered into by the parties. In particular, the parties dispute whether the arbitration clause was part of their agreement. As quoted in full above, Rhinosystems admitted in its complaint to the Board that it "instructed [Dunbar] to proceed with the work identified as Phase

One by [the Proposal]." Rhinosystems complained that the invoices it received from Dunbar substantially exceeded the amount set forth for Phase One in the Proposal and "the work completed was substantially less than what had been promised for Phase One." [7] Dunbar also attached some emails between Rhinosystems and Dunbar which, it argues, further support its claim that Rhinosystems accepted the entire Proposal.[8]

 ¶ 13 On the other hand, Rhinosystems's president states in his affidavit that the Proposal was "the subject of a number of additional conversations between me and Mr. Dunbar, which ultimately resulted in my rejecting [the Proposal] and refusing to sign it." [9] He further states that none of those conversations concerned or mentioned arbitration. Rhinosystems argues that even if there was an agreement pursuant to the Proposal authorizing Dunbar to perform, the agreement only encompassed Phase One of the Proposal.

---

7. R., p. 9.

8. A party's agreement to submit an issue to arbitrators is a prerequisite to the commencement of a valid arbitration. *Carter v. Schuster*, 2009 OK 94, ¶ 10, 227 P.3d 149 (citing *Voss v. City of Oklahoma City*, 1980 OK 148, 618 P.2d 925). In determining whether the parties entered into an agreement to arbitrate, courts must apply state contract law. *Rogers*, 2005 OK 51, 138 P.3d 826. Arbitration agreements and the interpretation thereof are "governed by 'general state-law principles of contract interpretation.'" *Wilkinson v. Dean Witter Reynolds, Inc.*, 1997 OK 20, ¶ 9, 933 P.2d 878, 880 (quoting *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 475, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488 (1989)).

The rules of offer and acceptance and of mutual assent control any issue of contract formation. *In re De–Annexation of Certain Real Property from City of Seminole*, 2009 OK 18, ¶ 8, 204 P.3d 87, 89. An offer, to become a binding contract between the parties, must be accepted. *Sims v. United Bridge and Iron*, 1965 OK 91, 402 P.2d 911. The consent of the parties to a contract must be (1) free, (2) mutual, and (3) communicated by each to the other. *In re De–Annexation of Certain Real Property from City of Seminole*, at ¶ 9, 204 P.3d at 89 (citing 15 O.S.2001 § 51). Consent is not mutual unless the parties all agree upon the same thing in the same sense. *Id.* (citing 15 O.S.2001 § 66). Therefore, an acceptance will not bind the offeror unless it is unconditional, identical to the offer, and does not modify, delete or introduce any new terms into the

offer. *Id.* (citing *Ollie v. Rainbolt*, 1983 OK 79, 669 P.2d 275).

9. R., p. 18. We note that a written proposal need not be signed by both parties to be binding. Although the Oklahoma Uniform Arbitration Act (OUAA) requires that arbitration agreements be contained in a record, and the Federal Arbitration Act (FAA) requires that arbitration agreements be written, neither Act requires arbitration agreements to be signed. Instead, acceptance of an arbitration agreement may be shown by acts, conduct, or acquiescence to the terms of the contract. "In general, Oklahoma follows traditional contract principles in permitting acceptance of an offer by performance...." *Hardin v. First Cash Financial Services, Inc.*, 465 F.3d 470, 476 (10th Cir.2006) (citing 15 O.S.2001 § 70, and the Restatement (Second) of Contracts § 19 (1981)). "Performance of the conditions of a proposal, or the acceptance of the consideration offered with a proposal, is an acceptance of the proposal." 15 O.S.2001 § 70; *see, e.g., C.R. Anthony Co. v. Stroud*, 1941 OK 193, 114 P.2d 177. "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known to the person accepting." 15 O.S.2001 § 75. However, acceptance of the benefits of a proposed contract is not necessarily acceptance of an agreement to arbitrate. *Thompson v. Bar–S Foods Co.*, 2007 OK 75, 174 P.3d 567. Because we remand this case to the trial court to conduct an evidentiary hearing to determine whether there was an agreement to arbitrate, we find it unnecessary to address this issue further.

¶ 14 Dunbar's Motion to Compel Arbitration and its replies to Rhinosystems's response are not verified and the factual contentions contained therein are not supported by any sworn testimony contesting statements in Rhinosystems's affidavit. The only evidence offered by Dunbar to controvert Rhinosystems's affidavit is contained in various exhibits, none of which, if ultimately authenticated, conclusively establishes Rhinosystems's acceptance of the arbitration clause contained in the Proposal.

¶ 15 Because the existence of an agreement to arbitrate is controverted, the better procedure is for the trial court to conduct an evidentiary hearing. *Rogers*, at ¶ 17, 138 P.3d at 830. In fact, because Rhinosystems requested an evidentiary hearing on this highly contested fact issue before the June 25, 2008 Order Compelling Arbitration, the trial court was duty-bound under Rule 4(c) of the Rules for District Courts to grant the requested evidentiary hearing. *Oklahoma Oncology & Hematology P.C.*, at ¶ 36, 160 P.3d at 950. We find no difference between a request for an evidentiary hearing made before the trial court rules on the motion to compel arbitration and a request made in a motion to reconsider that ruling, particularly where, as here, Rhinosystems requested a hearing almost a month before the trial court's Order Compelling Arbitration was filed. Requiring an evidentiary hearing under these circumstances comports with precepts of procedural due process. *Id.*

## CONCLUSION

¶ 16 We find that the trial court erred in refusing to conduct an evidentiary hearing on Dunbar's Motion to Compel Arbitration and in overruling Rhinosystems's Motion to Reconsider. Therefore, we reverse and remand this case to the trial court to conduct an evidentiary hearing to resolve the contested issues of fact regarding whether a contract was formed to arbitrate disputes between the parties.[10]

10. Because this case is remanded for an evidentiary hearing, we need not address any unresolved issues, including whether the arbitration

¶ 17 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

WISEMAN, C.J., and FISCHER, P.J., concur.

clause in the Proposal would be unenforceable because it is unconscionable.