## KETCHAM v. OIL FIELD SUPPLY CO.

No. 12428—Opinion Filed Dec. 11, 1923.

Rehearing Denied May 20, 1924.

**1. Frauds, Statute Of—Extension of Lease —Waiver of Written Notice.**

A written lease for a term of six years contained a provision giving the lessee the privilege of an extension of said lease for an additional period of two years by giving a written notice to the lessor of his intention to extend said lease prior to the expiration of the lease for the first term. Held, that the lessor could, by parol, waive the written notice and accept a verbal notice so as to extend the term of the lease, such extended term being a part of the original contract, and the statute of frauds is not applicable to such notice.

**2. Estoppel—"Waiver"—Question of Fact.**

A waiver is the voluntary or intentional relinquishment of a known right, which involves the notion of an intention entertained by the holder of some right to abandon or relinquish instead of insisting on the right; and when pleaded, it is a question of fact to be determined from the evidence produced.

**3. Judgment on Pleadings not Sustained.**

Record examined, and held, that the court erred in sustaining the motion of the plaintiff for judgment on the pleadings.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; A. C. Brewster, Judge.

Action by Oil Field Supply Company against H. E. Ketcham. Judgment for plaintiff, and defendant brings error. Reversed.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for plaintiff in error.

Samuel A. Boorstin and J. D. Johnston, for defendant in error.

Opinion by JARMAN, C. This is an unlawful detainer action brought in the justice court of Tulsa county by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover possesssion of certain real estate located in the city of Tulsa. Judgment was rendered for the plaintiff, and said cause was appealed to the district court of Tulsa county, where a judgment was rendered for the plaintiff, from which the defendant brings error.

S. M. Gloyd owned certain real estate in the city of Tulsa, and on February 14, 1914, made and entered into a lease contract with the defendant, H. E. Ketcham, whereby the said defendant was to have the use and occupation of said real éstate for a term of six years and said lease contract, which was in writing, further provided

"By giving written notice before the expiration of this lease party of the second part (Ketcham) has a right to extend this lease for a term of two years on the same terms and conditions therein."

On December 8, 1919, Gloyd, the owner of said real estate, entered into a written contract whereby he sold to the Oil Field Supply Company, the defendant in error, plaintiff below, said real estate, and the plaintiff in its bill of particulars alleges that by reason of said contract for the purchase of said property said plaintiff is entitled to the possession thereof, and alleges, further, that the defendant's lease expired on February 14, 1920; that due notice was served on the defendant to vacate said property and surrender same to said plaintiff, which the defendant failed and refused to do, and prayed for judgment against the defendant for restitution of said property.

When said cause came on for hearing in the district court, the defendant amended his answer and in said answer, as amended, the defendant admitted that the plaintiff entered into a written contract to purchase said real estate from S. M. Gloyd as alleged in its bill of particulars, and admitted that notice to vacate had been served on the defendant in due and proper form and within the time required by the statute; and answering further, the defendant alleged that he was rightfully in possession of said real estate under the lease contract in writing entered into by the defendant and Gloyd, the then owner of said property, on February 14, 1914; that under said lease contract, the plaintiff was entitled to use and occupy said premises for a period of six years, which expired on February 14, 1920, and that the defendant was entitled to occupy and use said premises for an additional period of two years upon the giving of written notice to said Gloyd prior to the expiration of said lease. The defendant alleges that on the — day of December, 1919, prior to the expiration of said lease and prior to the time the plaintiff purchased said property from Gloyd, he notified, verbally, the said Gloyd that he intended to remain upon said property and use and occupy the same for the additional two years provided by said lease, and that the said Gloyd agreed and consented thereto, and waived any further notice of his intention to use and

occupy said premises for the additional two years; the defendant alleges, further, that at the time the plaintiff entered into the contract for the purchase of said premises it knew that the defendant had notified the said Gloyd of his intention to use and occupy said premises for the additional two years provided for by said lease and that the plaintiff knew that the said Gloyd had agreed that the defendant should continue to occupy said premises for said additional two years on a verbal notice given and without any further notice; the defendant alleges, further, that by reason of the plaintiff's knowledge that the defendant had exercised his election to extend said lease for a period of two years, the purchase price, which the plaintiff agreed to pay for said premises, was arranged and fixed upon the basis of the defendant remaining in possession of said property for an additional two years, which would expire February 14, 1922.

The plaintiff filed a motion for a judgment on the pleadings, which was sustained on the theory, as the record discloses, that said contract, for the occupation of the premises by the defendant for the additional two years, was within the statute of frauds, which required the same to be in writing, and since the notice of the intention of the defendant to retain said property for an additional two years was oral, that, therefore, the contract for the use and occupation of said premises for said two years rests partly in writing and partly in parol, which was in violation of the statute of frauds, and, therefore, the answer of the defendant constituted no defense. The contention of the plaintiff, and the theory on which the court rendered judgment on the pleadings in this case for the plaintiff, is concisely set out in the brief of the plaintiff as follows, to wit:

"The provisions in a lease contract reserving to the lessee an option to extend said lease, being a material provision thereof, on which he bases his defense to the unlawful detainer action, and provided as it did that such notice should be given in writing, the attempt to alter said material provision of said contract by pleading a compliance with the terms of said provisions at variance with the explicit terms thereof, is such an attempt to vary the terms of a written contract within the statute of frauds by parol agreement as to render the attempted extension of said contract void, and inoperative for failure to comply with the statute of frauds."

In other words, the plaintiff takes the position that the notice provided for in said contract for the extension of the lease is a part of the contract with reference to the leasing of said property, and that the notice contemplated to be given in order to extend said lease is a part of said lease contract which is necessary to be in writing. With this contention we cannot agree. The provisions in this contract, relative to the extending of the contract for a further period, forms no part of the lease contract itself. It simply provides for a condition which, if met, will operate to extend the lease. In other words, the lease contract is definite as to the six years, but is indefinite and made to depend upon a contingency as to the additional two years, and if the contingency provided for happens, then the lease contract for the additional two years becomes definite and fixed. The contingency provided for in this lease contract, upon which the defendant was entitled to occupy said premises for an additional two years, was the giving of a certain notice of his intention so to do, but it could just as well have been made to depend upon the happening of any other event, such as the death of some particular person or the falling of a tree. The defendant would not be holding and occupying said premises for an additional two years under a new contract, but would be holding under the old contract which became effective as to the additional two years upon the happening of the condition therein provided for. Sheppard v. Rosenkrans (Wis.) 83 Am. St. Rep. 886.

In other words, the notice of the defendant of his intention to exercise his option to occupy said premises for an additional two years is not a part of the lease contract, and it is immaterial whether it provided for an oral or a written notice.

"Where a written lease provides for its renewal or extension for an additional term at the option of the lessee, the exercise by the lessee of his option is not affected by the statute, and, to render his election to renew or extend binding, it is not necessary that notice in writing be given. In fact, it is generally held that the mere retention of the possession will itself operate as a binding election on the part of the lessee to extend the lease for the additional term therein provided for." 25 R. C. L. 564.

In discussing the question of the extension of an existing lease, the following rule is laid down in 27 C. J. at page 214, sec. 19:

"However, where the extended term of the lease is fixed by and is a part of the original written lease, and comes into existence merely by the lessee exercising his option and giving the required notice, no question as to the application of the statute of fraud arises. The lessee holds for

the extended term by virtue of the original lease which is in writing and which satisfies the statute. This rule may apply even where the notice of intention to exercise the option is verbal, as where the provisions of the lease as to written notice are waived. The holding for the extended term is under the original lease and not under the notice and hence the statute does not apply to the notice."

On the question of notice of election to be given by the lessee of his intention to occupy the premises for an additional period, the following rule is announced in 16 R. C. L. 893, sec. 397:

"Leases providing for a renewal frequently require that a specified notice shall be given of the lessee's exercise of the option to extend or renew, and such a provision must, as a general rule, be complied with, to confer any right upon the lessee: still compliance with the requirement may be waived by the lessor both as regards the option to renew, and as regards a privilege for an additional term as distinguished from a privilege to renew: and as a general rule it seems that the lessor's acceptance without objection and acting upon a notice not given within the required time is a waiver."

In the case of Dockery v. Thorne (Tex.) 135 S. W. 593, the court holds:

"A parol extension for two years of a written lease on the same terms as specified therein is not within the statute of frauds."

The court, in the case of Kozy Theater Co. v. Love (Ky.) 231 S. W. 249, in the fourth paragraph of the syllabus lays down the following rule:

"Where a lease provided for a renewal, the lessor's verbal consent to an extension, the parties treating the covenant as one providing for extension, cannot be questioned on the ground that it was within the statute, because there could be no renewal without the execution of a new lease."

The court in the case of McClelland v. Rush (Pa.) 24 Atl. 354, holds:

"A lease for a term of five years gave the lessee the privilege for an extension for a further period of five years 'by notice in writing' to the lessor at least three months before the expiration of the first term. Held, that the lessor could by parol waive written notice and accept verbal notice, so as to extend the term, such extended term being part of the original contract, and the statute of frauds, requiring all estates in land for three years or more to be evidenced in writing, have no application thereto.

"Where there was evidence that the lessor consented to extension more than three months before the expiration of the first

five years, upon the receipt of verbal notice from the lessee, it was for the jury to determine whether written notice was waived." In Matter of Zilling, 13 N. Y. St. 891; Dockery v. Thorne, supra.

The great weight of authority and the better reasoning are in support of the rule announced in the above authorities.

Counsel for defendant in error cite a great many authorities on which they rely, but an examination of these authorities readily shows that they are not in point. These authorities are to the effect that parties to a written contract, which is within the provisions of the statute of frauds, cannot vary or add to the terms of such contract by a subsequent oral agreement and thereby make a new contract resting partly in writing and partly in parol. But this is not the case here, because the lease contract is not affected in any manner by the oral notice that was given by the defendant of his intention to occupy said premises for an additional two years. From the foregoing authorities, it is seen that although the terms of the lease contract provide that a written notice shall be given by the defendant, yet such written notice may be waived and an oral notice would suffice; and the question of whether the written notice in this case was waived is one for the jury to determine. It does not require any consideration to support a waiver—it is simply the voluntary relinquishment of a known right and is a matter of what the party intended.

The court, in the case of American Cent. Ins. Co. v. Sinclair, 61 Okla. 17, 160 Pac. 60, holds:

"A waiver is the voluntary or intentional relinquishment of a known right, or such conduct of a party, or his authorized agent, as warrants an inference of such intent. It is essentially a matter of intention and may arise out of the acts done by a party, or his authorized agent, who has full knowledge of all the material facts out of which the right springs.

"'A waiver involves the notion of an intention entertained by the holder of some right, to abandon or relinquish instead of insisting on the right.' It is a question of fact to be determined by the jury."

There is no contention made that the plaintiff is not bound by such rights as the defendant had or acquired under said lease for the additional two years; and in fact no serious contention to that effect could be made because the answer of the defendant alleges that the plaintiff, prior to the time it entered into a contract to purchase said real estate, had knowledge of all the facts pertaining to the defend-

ant's rights under said lease contract. The motion of the plaintiff for judgment on the pleadings admits that the plaintiff did have such knowledge and also admits all other properly pleaded facts contained in the answer of the defendant.

The judgment of the trial court is reversed and remanded for a new trial.

By the Court: It is so ordered.