BODEN *v.* TRUMPOUR.

1. LANDLORD AND TENANT—RENEWAL—CONSTRUCTION OF LEASE.
   . Lease for 3-year term with right to renew at same rental for
      a term of 1, 2, 3, 4 or 5 years at option of lessee constituted a
      present demise of from 3 to 8 years at option of lessee.  ' '

2. SAME—CONSTRUCTION OF LEASE—RENEWAL.
      A lease containing right to renewal for various terms at option
      of lessee does not thereby require "interpretation" 'or . "practical" construction by the parties, there being no ambiguity.

3. SAME—RENEWAL—FORM OF LEASE.
      Tenant's seasonable exercise of right of renewal of unambiguous
      lease, pursuant to right accorded her under a so-called long
      form lease, effected a renewal of the lease for the period designated, notwithstanding the parties may have differed somewhat or for some time as to the particular form of lease.

Appeal from Wayne; Edwards (George), J. Submitted October 14, 1955. (Docket No. 75, Calendar No. 46,612.)   Decided December 1, 1955.

Circuit court commissioner's action by Sidney Boden and Emma Boden against Anne Trumpour for possession of premises leased with option of renewal. On appeal to circuit court, judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES   ·   ·
[1, 2] 32 Am Jur, Landlord and Tenant § 960 *et seq.*  ·
[1, 2] What amounts to an option to renew or extend a lease. 26
   ALR 1413.
   Indefiniteness as to term in option for extension or renewal of lease.
   172 ALR 421.
[3] 32 Am Jur, Landlord and Tenant § 953 *et seq.*

*Charles Bowles,* for plaintiffs.

*O. W. Johnson,* for defendant.

SMITH, J. This case arises out of a right of renewal contained in a written lease. The plaintiffs-appellants are the landlords. The defendant-appellee is the tenant. The plaintiffs-appellants obtained a judgment of restitution from the circuit court commissioner. This judgment, however, was reversed by the circuit court and judgment entered for defendant-appellee. The case is before us on a general appeal.

The premises in question were leased to defendant for a term beginning May 15, 1950, "and ending the 15th day of May, 1953." The lease was a so-called "long" form lease, Abstract Title & Guaranty Form No. 111. It contained the following clause:

"The tenant shall have the right at the expiration of his lease to renew said lease for a term of 1, 2, 3, 4 or 5 years at the same rental; at the expiration of said second lease the tenant shall have the right to renew said lease for a period of 4 years at a rental set by 3 arbitrators (one of whom shall be appointed by the tenant, one by the landlord and the third by the 2 appointed arbitrators). At the expiration of 34–1/2 months from the date of the present lease, the tenant shall notify the landlord of her intent to abandon the premises or release the premises."

On February 4, 1953, the tenant sent to the landlords a notice, received by them within the limiting time, reading as follows:

"This is your notice from me that I intend to exercise my right to renew my tenancy at 6708 Park avenue, Allen Park, Michigan, for a period of 5 years, and also to inform you that I have in my possession a typewritten lease ready for your signatures and mine."

The lease submitted by the tenant was rejected by the landlords' then counsel on May 12, 1953. (It was on the Richmond Backus short form.) No defects or omissions were specified as grounds for rejection. It was simply rejected as "unsatisfactory and not in accordance with the agreement of the parties." So matters rested until after May 15, 1953. At some time subsequent thereto the parties commenced mutual discussions with respect to the terms of their lease. Plaintiff-appellant Sidney Boden testified that, at least initially, he was willing to sign a lease exactly like the original and, in fact, instructed his counsel to draw one up and submit it to the tenant. This, however, was not done, for reasons which are not entirely clear in the record. Negotiations continued. The landlords were unhappy with the short form and preferred the long form. The tenant, however, at no time refused to sign the long form, although it is not clear that it was ever tendered to her, or that her tender of the short form was anything more than inadvertence. There was a great deal of fencing back and forth, much talk of what the long form contained and the short form omitted, of what the parties were or were not willing to sign and what their legal rights were under the various forms. Meanwhile the tenant continued to pay the stipulated rental, which the landlords accepted without protest until January 15, 1954, when notice of increase in rent from $165 to $350 per month was served. It was resistance to this increase which brings this case into this Court.

The applicable principles of law have long been settled by this Court and, once the fuss about the forms (all of which was wholly immaterial) is eliminated, they may be clearly seen. The lease was a present demise for 3, 4, 5, 6, 7 or 8 years, at the option of the lessee. *Meadow Heights Country Club*

v. *Hinckley,* 229 Mich 291. Under our law there is no ambiguity with respect thereto, nothing to be given a "practical" construction by the parties, or "interpreted" by them. With respect to the tenant's exercise of her option, it suffers no legal defect. The lease does not purport to prescribe any particular form of words. All that is required is that the tenant inform the landlord with reasonable certitude, in terms that cannot fairly be misunderstood, of her exercise of the option given her by the lease. This she did, and seasonably, when she wrote that she intended to exercise her right to renew her tenancy for a period of 5 years.

Under the view we have taken of the case it is unnecessary that we discuss the legal effect of the conduct of the parties (particularly as regards rents tendered and accepted subsequent to May 15, 1953) upon any arguable necessity for the execution of another formal instrument.

The judgment of the lower court is affirmed. Costs to appellee.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.