## KERN v. PAWLEGA.

1. LANDLORD AND TENANT—OPTION TO RENEW—TERMINATION OF LEASE.

A lease for the term of 5 years with the tenant's option of renewal for 5 additional years *held,* a present demise for the period of 10 years at the option of the lessee.

2. SAME—OPTION TO RENEW—PART OF LEASE.

An option to renew is an inherent part of a lease.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 6] 32 Am Jur, Landlord and Tenant §§ 954, 960 *et seq.*
[3] 49 Am Jur, Statute of Frauds § 192.
[4] 32 Am Jur, Landlord and Tenant § 958.
[5] 32 Am Jur, Landlord and Tenant §§ 127, 960.

3. SAME—ORAL RENEWAL OF LEASE—STATUTE OF FRAUDS.

Plaintiff's contention that an oral renewal of a written lease violated the statute of frauds *held*, not well taken since the option to renew was a part of a present demise, and part of a written lease, and therefore neither party was *making* a lease when defendant exercised his option in the lease theretofore created (CL 1948, § 566.108).

4. SAME—OPTION TO RENEW—REQUIRED FORM—REASONABLE CERTITUDE.

A general option of renewal in a lease does not require any particular form of words to effect a renewal; all that is required is that the tenant inform the landlord with reasonable certitude, in terms that cannot fairly be misunderstood, of his exercise of the option given by the lease.

5. SAME—TYPEWRITING—PRINTING.

Typewritten insertion in a lease controls over an inconsistent printed portion of the form.

6. SAME—PRESENT DEMISE—OPTION TO RENEW.

Lease for 5 years which contained a printed provision that if the tenant held over, without a written renewal, the tenancy thus created would be a tenancy from month to month, and also contained a typewritten provision granting the tenant the right to renew the lease for 5 years at his option *held*, to be a present demise for a period of 10 years at the option of the tenant, since the typewritten provision controls; hence, where the tenant made his intention to exercise the option known to plaintiff landlords, the lease was renewed for the 5-year period.

Appeal from Wayne; Kaufman (Charles), J. Submitted Division 1 October 4, 1966, at Detroit. (Docket No. 1,532.) Decided December 8, 1966.

Complaint by Donald Kern, Valerie Kern and Fred J. Potvin, trustees, before the circuit court commissioner for recovery of certain realty originally leased by the settlor of the trust to Edmund Pawlega. Complaint dismissed. Plaintiffs appealed to circuit court. Affirmed. Plaintiffs appeal. Affirmed.

*Potvin, Tunney & Lawrence,* for plaintiffs.

*Eugene J. Fisher,* for defendant.

Lesinski, C. J.   Plaintiffs-trustees commenced summary proceedings before the circuit court commissioner for the recovery of possession of certain realty originally leased to the defendant by the settlor of the trust.   The complaint was dismissed and, on appeal from this dismissal, the circuit court affirmed the commissioner.   Plaintiffs appeal.

The settlor, during his lifetime, gave a 5-year written lease to the property in controversy to the defendant.   The printed lease form used contained a provision which stated that if the tenant held over after the expiration of the term, without a written renewal, the tenancy thus created would be a tenancy from month to month.[1]   In addition to this provision, the lease contained the following typewritten provision: "Tenant has right of lease renewal for additional 5 years at his option."

After execution of the lease, the lessor deeded the property in trust to 3 trustees.   The lessor-settlor died in January, 1963.   The first 5-year term referred to in the lease expired in December, 1963. The tenant continued to pay the rent stated in the lease, although there was no written renewal of the lease.   There was uncontradicted testimony at trial below that the defendant had verbally notified one of the three original trustees that he was exercising his option to renew the lease and that she (the trustee who was notified) had indicated her intention to inform the other 2 trustees of defendant tenant's

---

[1] "8. That in event he shall hold over after the expiration of the term demised for a sufficient period of time to create a renewal of this lease by operation of law, that any renewal or future right of possession not evidenced by an instrument in writing, executed and delivered by the landlord, shall be a tenancy from calendar month to calendar month and for no longer term."

notification to her. There was, furthermore, testimony of acquiescence by the trustees to this renewal. Plaintiff, relying upon a printed provision in the lease,[2] served the defendant with a 30-day notice to terminate on May 1, 1965, which was followed by the summary proceedings discussed above which, in turn, provide the basis for this appeal.

This Court is thus presented with the issue of determining whether there was a legally effective renewal of the lease under the facts summarized above. Two Michigan cases provide an affirmative answer to this question.

In *Meadow Heights Country Club* v. *Hinckley* (1924), 229 Mich 291, the parties had entered into a lease agreement which read (p 292):

"For the term of 10 years from and after the 24th day of February A.D. 1905, with the privilege of renewal for five additional years, on the same terms."

The Court had to determine whether the option to purchase in the *Meadow Heights* lease expired at the end of the 10 years, or remained effective until the *full* holding under the lease. The Court held at p 292 that "the lease was a *present* demise for the period of *15 years* at the option of the plaintiff [lessee]." (Emphasis supplied.)

In *Boden* v. *Trumpour* (1955), 344 Mich 133, the three-year lease in controversy read:

"The tenant shall have the right at the expiration of his lease to renew said lease for a term of 1, 2, 3, 4 or 5 years at the same rental."

---

[2] "If this lease is renewed by holding over, one month's notice must be given by the landlord to recover possession, or by the tenant if he desires to surrender; otherwise the tenant is liable for a month's rent after vacating, or proportionately if re-rented before the expiration of the month."

The *Boden* Court, citing *Meadow Heights, supra,* stated at p 135 that:

"The applicable principles of law have long been settled by this Court and, once the fuss about forms (all of which was wholly immaterial) is eliminated, they may be clearly seen. The lease was a *present* demise for *3, 4, 5, 6, 7 or 8 years.*" (Emphasis supplied.)

Thus it is obvious that in both of these cases the Michigan Supreme Court held that the option to renew was an inherent portion of the lease granted. The option to renew here must be similarly considered a part of the lease granted. There was uncontradicted evidence that the defendant made his intention to exercise the option known to the trustees and that they acquiesced in its exercise.

The plaintiff contends that the statute of frauds[3] was not satisfied by an oral renewal. First of all, as will be seen from the quoted material above, under Michigan law the option was a part of a *present* demise; and it was a part of the written lease. Therefore, neither party was *making* a lease when the defendant exercised his option as the lease had been created 5 years before. Secondly, it will be noted that the typewritten *renewal* provision did not specify any particular method for exercising the option. In *Boden, supra,* at p 136, an analogous situation was thus disposed of by the Court, with the following pertinent language:

"The lease does not purport to prescribe any particular form of words. All that is required is that the tenant inform the landlord with reasonable cer-

---

[3] "Every contract for the leasing for a longer period than 1 year, * * * shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing." CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908).

titude, in terms that cannot fairly be misunderstood, of her exercise of the option given her by the lease."

Although the tenant in *Boden* informed the landlord of her intention by letter, there is no language in *Boden* making *written* notice a requirement. The requirement is merely one of communication of intention, "with reasonable certitude, in terms that cannot fairly be misunderstood," and this requirement was complied with by the tenants in the case before this Court.

The "holding over" by the tenants was not under the provision cited, *supra,* which makes such a holding a tenancy from month to month, but rather an exercise of the option as provided by the typewritten provision. Thus the law cited by the plaintiff which deals with a tenancy from year to year is inapplicable to the case at bar.

Plaintiffs could not terminate the lease with 30 days' notice; and plaintiffs' attempt to recover possession through summary proceedings was correctly denied.

It is clear under Michigan law that in a deed, where there is an inconsistency between the printed form and a typewritten insertion, the latter controls. See *Thompson* v. *Thompson* (1951), 330 Mich 1. Defendant here acted in conformity with the typewritten option to renew.

Affirmed. Costs to appellee.

J. H. GILLIS and HOLBROOK, JJ., concurred.