533 P.2d 82

Leonard **GRUBER** and Alberta Gruber, his wife, Appellants,

v.

D. D. **CASTLEBERRY**, Appellee.

No. 1 CA–CIV 2503.

Court of Appeals of Arizona, Division 1, Department B.

March 25, 1975.

Shultz and Worischeck, P. A. by Joseph H. Worischeck, Phoenix, for appellants.

Renaud, Cook, Miller & Cordova, P. A. by J. Gordon Cook, Phoenix, for appellee.

OPINION

EUBANK, Judge.

This appeal questions whether an oral notice of election to renew a written lease is enforceable under our Statute of Frauds.

Appellants were the lessees of a medical suite located in a building owned by the appellee. The written lease provided for a two-year tenancy and contained the following provision for renewal:

"It is further mutually agreed between the parties that the Lessees shall have

the option to renew this lease for an additional period of three (3) years following the expiration of the term of this lease upon the same terms and conditions herein set forth. It is also agreed that at the end of Five years the Lessees shall have the option to renew this lease upon the same terms and conditions herein set forth, except that the amount of rental to be paid under said renewal shall be mutually negotiated between the parties. It is understood and agreed that *to exercise said option the Lessees shall give the Lessor notice in writing of their intent to so exercise said option not later than sixty (60) days before the expiration of the term of this lease."* (Emphasis added)

Appellants' tenancy under the lease was scheduled to terminate on April 30, 1971. In order to renew for the additional term, notice of election to exercise the option was required by March 1, 1971.

In February 1971, appellee visited the medical offices of the appellant, Dr. Gruber. In response to appellee's inquiry during the visit, Dr. Gruber stated his intention to renew the lease. Subsequently, appellee had his secretary contact both Dr. and Mrs. Gruber regarding a renewal notice. Mrs. Gruber paid her husband's office bills and signed the monthly rent checks. When Dr. Gruber was contacted, he reiterated his desire to renew the lease and acknowledged that something in writing was necessary to evidence renewal. In this regard, Mrs. Gruber told appellee's secretary that a renewal notice would be prepared. The promised notice came with the rent check for March, arriving on or before March 1, 1971. It was written by Mrs. Gruber and provided:

"Dear Mr. Castleberry,

We wish to renew our lease at 2917 N. 56th St.

Dr. & Mrs. L. Gruber"

On January 24, 1972, appellants vacated the leased premises. Appellee thereafter brought this action in Maricopa County Superior Court for breach of the lease.

From appellee's judgment, appellants have appealed.

■ Dr. Gruber claims that written notice was required, that no sufficient written notice was given, and that he never told appellee, nor appellee's secretary, that he intended to renew the lease. Further, appellants contend that even if the trial court chose to believe appellee's testimony, Dr. Gruber's oral declarations are not enforceable under the Statute of Frauds. A.R.S. § 44-101 provides in pertinent part:

"§ 44-101. Statute of frauds

No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

\* \* \* \* \* \*

"6. Upon an agreement for leasing for a longer period than one year, or for the sale of real property or an interest therein. Such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing, subscribed by the party sought to be charged."

Appellant argues that an oral notice of election to renew a written lease for a period in excess of one year is not binding under A.R.S. § 44-101(6), nor under a contract requiring written notice. We disagree.

■ As a general rule, an oral notice of election to exercise an option for renewal of a written lease does not violate the Statute of Frauds. *See* Annot., 51 A.L.R.2d 1404, 1420 (1957). This result obtains on the theory that the terms and conditions of the contract are embodied in the lease, which is in writing, and the only effect of notice is to make the original lease operative for the renewal period. *E. g.,* Kern v. Pawlega, 5 Mich.App. 384, 146 N.W.2d 689 (1966); Ketcham v. Oil Field Supply Co., 99 Okl. 201, 226 P. 93 (1923); McClelland v. Rush, 150 Pa. 57, 24 A. 354 (1892). Where, as here, the lease stipu-

lates written notice, a waiver of the requirement may be implied from the conduct of the parties. *See* 50 Am.Jur.2d, Landlord and Tenant, § 1186 (1970). Many courts hold that such a provision is for the benefit of the lessor, who may waive it. *See* Annot., 51 A.L.R.2d 1404, 1417 (1957). Clearly, waiver is a question of fact to be determined according to the intention of the parties as disclosed by the facts. Pouquette v. Double L–W Ranch Inc., 11 Ariz.App. 279, 464 P.2d 350 (1970). Here, the trial court could reasonably conclude from the evidence that the necessity of written notice had been waived by the parties.

 However, even if we assume that some writing was necessary, the notice prepared by Mrs. Gruber satisfied the requirement. It was binding upon both her and her husband. Although Dr. Gruber argues that he cannot be bound by the unauthorized acts of his wife, her implied authority to act as his agent regarding the lease is apparent from the course of business dealings between the parties. Mrs. Gruber paid the office bills, signed the rent checks, signed the lease and signed the renewal notice on behalf of herself and her husband. The notice was sent out in a business envelope bearing Dr. Gruber's professional address. By permitting his wife to conduct these business activities, Dr. Gruber impliedly authorized her to act as his agent in executing the renewal notice. *See* O. S. Stapley Co. v. Logan, 6 Ariz.App. 269, 431 P.2d 910 (1967). A.R.S. § 44–101(6) requires that the authority of certain agents must be in writing. However, neither notice of intent to renew a written lease, nor the authority of an agent to exercise such an option, is within the Statute of Frauds. *See* Sheppard v. Rosenkrans, 109 Wis. 58, 85 N.W. 199 (1901); Annot., 51 A.L.R.2d 1404, 1423 (1957).

The lease specifically provides for attorney's fees and the appellee has requested that we award him his attorney's fees on appeal in the sum of $879. This request appears reasonable to this Court; therefore, the appellee is hereby awarded judgment in the amount of $879 as attorney's fees over and above any judgment previously entered by the trial court.

The judgment is affirmed.

JACOBSON, P. J., and HAIRE, C. J., concur.