(625 P.2d 5)
No. 51,905

CONTINENTAL BUILDERS, INC., *Plaintiff-Appellant,* v. WILLIAM H. LEACH, *Defendant-Appellee.*

Opinion filed March 13, 1981.

*Philip C. Lorton,* of Kansas City, for the appellant.

No appearance for the appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

FOTH, C.J.: Plaintiff Continental Builders, Inc., brought suit against its tenant William H. Leach for rent alleged to be due under a renewal of a written lease. At the close of plaintiff's case, the trial court sustained a motion to dismiss because the action was barred by the Statute of Frauds.

Plaintiff's evidence first showed a written lease of commercial property with the following pertinent clauses:

"[F]or a term of Twelve months beginning January 1, 1978
     (with option to lease from 1979 to 1980)
and ending January 1, 1979 and the said lessee agrees to pay for
 the use and rent thereof a total
of Six thousand seven hundred twenty dollars ($6,720.00) DOLLARS
payable at the rate of Five hundred sixty dollars ($560.00) DOLLARS
     (first and last months rent on January 1, 1978)
for the whole time and to pay the same on the First day of each
 month, in advance,  .  .  .  ."

Defendant entered the premises and paid the first and last months' rent and continued to occupy the premises and pay rent throughout the initial term of the lease, and thereafter up to July, 1979. The last lease payment was made June 1, 1979, and defendant vacated the premises in July, 1979. The suit was for rent for the balance of 1979.

Plaintiff's president testified to a conversation with defendant in December, 1978, in which defendant said he wished to exercise his option to renew. Plaintiff's secretary testified to a conversation in January, 1979, to the same effect. She also testified that both the original term and renewal term were intended to be from January 1st to January 1st.

The trial court held the action barred by the Statute of Frauds because the renewal was for a year and a day. Reliance was presumably placed on K.S.A. 33-105 and 33-106, both requiring a writing where a lease or other contract extends for more than one year.

Although we find no Kansas case directly in point, the trial court's holding was contrary to the rule generally accepted in other jurisdictions. It is succinctly stated in *Gruber v. Castleberry,* 23 Ariz. App. 322, 323, 533 P.2d 82 (1975):

"As a general rule, an oral notice of election to exercise an option for renewal of a written lease does not violate the Statute of Frauds. *See* Annot., 51 A.L.R.2d 1404, 420 (1957). This result obtains on the theory that the terms and conditions of the contract are embodied in the lease, which is in writing, and the only effect of notice is to make the original lease operative for the renewal period. *E.g.,* Kern v. Pawlega, 5 Mich. App. 384, 146 N.W.2d 689 (1966); Ketcham v. Oil Field Supply Co., 99 Okl. 201, 226 P. 93 (1923); McClelland v. Rush, 150 Pa. 57, 24 A. 354 (1892)."

Other jurisdictions concur in this result. See, *e.g., Ripani v. Liberty Loan Corp.,* 95 Cal. App. 3d 603, 610, 157 Cal. Rptr. 272 (1979); *Daehler v. Oggoian,* 72 Ill. App. 3d 360, Syl. ¶ 14, 390 N.E.2d 417, (1970); Annot., Lease—Option to Renew—Notice, 51 A.L.R.2d 1404, 1420-22. See also 72 Am. Jur. 2d, Statute of Frauds § 99; 37 C.J.S. Frauds, Statute of § 113.

The appellee filed no brief in this court. The only authority he cited to the trial court was *Reno v. Beckett,* 555 F.2d 757 (10th Cir. 1977). That case dealt with an oral modification of significant terms in a contract for the sale of real estate. It has nothing to do with the oral exercise of an option to renew where the agreement granting the option complies with the "writing" requirement of the Statute of Frauds.

Plaintiff had proven a prima facie case; defendant's motion to dismiss was erroneously sustained.

Reversed and remanded for further proceedings consistent with this opinion.