No. 81-345

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

IN RE THE MARRIAGE OF:

CATHERINE COLLEEN WILMOT,

Petitioner and Appellant,

and

HAROLD M. WILMOT,

Respondent and Respondent.

---

Appeal from:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone
Honorable William J. Speare, Judge presiding.

Counsel of Record:

For Appellant:

Keefer, Roybal, Hanson, Stacey and Jarussi, Billings,
Montana

For Respondent:

Harold M. Wilmot, Pro Se, Huntley, Montana
Craig R. Buehler, Lewistown, Montana

---

Submitted on briefs: March 4, 1982

Decided: August 19, 1982

Filed: AUG 1 9 1982

*Thomas J. Kearney*

_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Catherine Colleen Wilmot (the mother) appeals from an order of the Yellowstone County District Court modifying custody. The parties' marriage was dissolved in Yellowstone County District Court. Pursuant to an agreement between the parties, custody of the four minor children was intitially awarded to the mother. The father, Harold M. Wilmot, later petitioned the trial court to modify custody. The trial court modified custody by awarding custody of three of the four minor children to the father.

After an evidentiary hearing, the trial court made findings and conclusions and entered judgment in behalf of the father. The findings are conflicting and contradictory, leaving no basis for this Court to determine the merits of the issues presented for appeal. For that reason, we remand this case to the trial court and we direct the trial court to enter findings of fact that are determinative. In this opinion, we detail why the findings of fact are insufficient as presented.

The trial court made conflicting findings based on evidence presented by the father and the mother. We cannot tell from the findings which evidence the trial court believed. Contradictory findings cannot form the basis for a reviewable order.

For example, the trial court made a finding based on evidence presented by the father that "[t]he children were inadequately provided with clothes and that the children's health was endangered by lack of cleanliness . . ." Another finding indicated that, "[t]he children's clothing was adequate and clean." Another finding stated, "[t]hat at

-2-

times the children's dress has been inadequate for weather conditions . . ." We cannot determine the adequacy of findings of fact until we know what those findings are. Findings which restate conflicting evidence must also tell this Court how the trial court resolved that conflicting evidence.

There were numerous and conflicting findings made regarding the mother's habits and activities. The trial court gave no clear indication of what it actually found with regard to these activities. Nor can we determine whether the trial court found those activities to be detrimental to the children. The essence of this custody modification is the best interests of the children and whether their environment with their mother seriously endangers their physical, mental, moral or emotional health.

Three findings begin with the statement, "The father testified . . .", indicating that each of the three findings was no more that a restatement of evidence presented at trial.

> ". . . evidence should not be included in your findings of fact and conclusions of law. There should be raw facts when the trial judge feels they will be helpful in showing the basis for his determination. There should be intermediate facts; there should be ultimate facts. There should be no evidence." 1 San Diego Law Review 13, 33 (1964).

Merely restating evidence as it was presented with no indication of the weight given that evidence does not make a finding of fact.

Some of the evidence presented at the hearing came from a home evaluation report done by a court-appointed social worker. Findings referring to that report begin with the words, "The home evaluation report indicates . . ." or, "The report indicates . . ." We cannot tell what weight was

given that report by the trial court. Again, findings must be stated as findings and not as a summary or restatement of the evidence.

We have expressed disapproval of the wholesale adoption of proposed findings submitted by the parties. Tomaskie v. Tomaskie (1981), ___ Mont. ___, 625 P.2d 536, 38 St.Rep. 416. Here, the findings were selected from both sets of proposed findings. Although the trial court's findings were not a wholesale adoption of the findings of the prevailing party, a careful analysis of the findings chosen would have indicated that they were inconsistent and provided no basis for review.

In Jensen v. Jensen (1981), ___ Mont. ___, 629 P.2d 765, 38 St.Rep. 1109, we stated that:

> "Our ultimate test for the adequacy of findings of fact is whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision, and whether they are supported by the evidence presented."

The findings presented by the trial court do not reveal the basic facts upon which the trial court relied.

We remand this case and direct the trial court to enter findings of fact to resolve the conflicts in the evidence.

Daniel J. Shea
Justice

-4-

We concur:

_____
        Chief Justice

_____

_____

_____
        Justices